United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 96-3980NI

Jeffrey A. Massick,                          *
                                             *
            Appellant,                       *
                                             *
      v.                                     *
                                             *   On Appeal from the United
                                             *   States District Court for
North Central Correctional Facility;         *   the Northern District of
John A. Thalacker; Terry Hawkins;            *   Iowa.
Kim Courters; Richard Walters;               *
Fred Seabetta; Patricia A. Young;            *
Sally M. Chandler-Halford; and               *
Unknown Defendants,                          *
                                             *
            Appellees.                       *

_____

Submitted:  October 9, 1997

Filed:  February 13, 1998

_____

Before RICHARD S. ARNOLD, Chief Judge, HEANEY and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

       This is an action by an inmate against employees of the Iowa Department of
Corrections.  The complaint, brought pursuant to 42 U.S.C. § 1983, alleges that prison
officials violated Jeffrey Massick's Eighth Amendment rights when he was

placed in a cell with another inmate who tested positive for the human immunodeficiency virus (HIV). Mr. Massick alleged that the inmate had been involved in a fight and was bleeding from open wounds. During the eight days the inmates shared an administrative segregation cell, Mr. Massick cleaned the cell, picking up towels, pillow cases, and sheets stained with his cell-mate's blood, and cleaning blood off the sink. When Mr. Massick learned that his cell-mate was HIV-positive, he demanded to be moved to another cell, and prison officials complied promptly with this request. So far as anyone knows, Mr. Massick was not infected with the virus. He alleges, however, that defendants have refused his request to be tested.

The District Court [1] dismissed the complaint. The Court held that Mr. Massick's allegations lacked an arguable basis in fact and law. In addition, the Court held that the defendants were entitled to qualified immunity, on the ground that their conduct, at the time that it occurred, did not violate a clearly established constitutional right.

We affirm on the ground of qualified immunity. Eighth Amendment claims of this type are fact-intensive. The legal standard requires a plaintiff to show that defendants knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 847 (1994). Certainly the right, thus abstractly stated, was clearly established. However, "[t]he mere assertion of such a right . . . will not be adequate: '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " Latimore v. Widseth, 7 F.3d 709, 712 (8th Cir. 1993), cert. denied, 510 U.S. 1140 (1994), quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987). Here, there is no doubt that placing the HIV-

---

[1]The Hon. Mark W. Bennett, United States District Judge for the Northern District of Iowa.

positive inmate in the cell with Mr. Massick exposed the latter to a risk. On the other hand, the exposure was brief, and the inmates were separated as soon as Mr. Massick specifically complained about being placed with someone who was HIV positive. Situations like this are inherently matters of degree, and we cannot say that the risk was so substantial, and the defendants' reactions to it so unreasonable, as to negative a defense of qualified immunity. Accordingly, the judgment dismissing the complaint is

Affirmed.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.